**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                                                                                          No. CIV 08-747 JC/LFG
                                                                                                No. CR 06-160 JC

FERMIN PEREZ-BENITEZ,

      Defendant/Movant.


**ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED FINDINGS AND
RECOMMENDED DISPOSITION TO DISMISS, WITH PREJUDICE**

THIS MATTER is before the Court on the Magistrate Judge's Amended Findings and Recommended Disposition, filed April 28, 2009 [Doc. 12], recommending denial of Fermin Perez-Benitez's ("Perez") § 2255 petition and dismissal of the case, with prejudice. On May 13, 2009, Perez filed objections to the amended findings and recommended disposition. [Doc. 13.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's amended findings and recommended disposition to which Perez objects.

Perez primarily sets out a number of nonsensical objections or argument, asserting that he was in a "Common Law trial or Admiralty/Maritime trial, and that he would have asked for a copy of his contract with the Corporate United States to be put into evidence." [Doc. 13, ¶ 2.] "I have been now trying to get this Court to tell me if I was in a Common Law court and if I was tried under the common laws? It appears that we were in Admiralty/Maritime Court . . . ." [Doc. 13, ¶ 35.] Perez

1

also disputes the underlying charges and his conviction. [Doc. 13.] He claims that the charges against him were "all fabrication of the Federal Corporate Government of the United States, in order to make a minor case into a big deal." [Doc. 13, ¶ 3.]

Perez argues generally that the United States is a fiction and a corporation without any jurisdiction over him. Courts consistently reject this type of argument as lacking in legal merit. *See, e.g.,* Jacob v. United States, 46 F.3d 1151 (Table, Text in Westlaw), 1995 WL 18238 at *2 (10th Cir. Jan. 5, 1995) (unpublished opinion) (tax protester case). The argument meets the same fate here.

In addition, Perez continues to argue that he was not present at the sentencing proceeding held on August 15, 2007, before Senior United States District Judge John E. Conway. [Doc. 13, ¶¶ 19, 20, 29, 33.] Contrary to Perez's argument, he was present at his sentencing proceeding on August 15, 2007. The August 15, 2007 sentencing transcript, filed September 4, 2008 [No. CR 06-160, Doc. 112], confirms that Perez was present. He was represented by Attorney Gleria, who stated that Defendant Perez was present on August 15, 2007. In addition, Perez testified at the original sentencing proceeding, through the services of a translator. [No. CR 06-160, Doc. 112.]

Perez also asserts that because he allegedly was not at the sentencing proceeding, he could not have been advised about his rights to file an appeal. The evidence is to the contrary. As stated above, the court docket confirms that Perez was present at the August 15, 2007 sentencing proceeding, where he was instructed about his right to appeal.

In addition, as found by the Magistrate Judge, Perez's trial attorney filed a pleading and supporting affidavit in the criminal proceeding, only days after the August 15, 2007 sentencing hearing. The pleading and affidavit noted that counsel had discussed Perez's right to appeal with Perez and resolved all questions Perez had regarding a possible appeal. According to the pleading

and affidavit, Perez elected not to appeal. This is not a case where counsel came forward with an affidavit only after Perez filed the habeas proceeding. Instead, trial counsel filed the pleading and supporting affidavit before Perez raised any question concerning an ineffective assistance of counsel claim regarding failure to file an appeal. Perez could have filed a pleading back in August 2007 to contradict the pleading and affidavit filed by his attorney if he disputed his attorney's representations. He did not do so.

Perez argues summarily that had his attorney filed an appeal, the outcome would have been more favorable for Perez. [Doc. 13, ¶ 29.] As noted by the Magistrate Judge, Perez fails to specify any viable grounds that he had for appeal.

Perez asserts that all his attorney wanted him to do was to plead guilty and "snitch on others." [Doc. 13, ¶ 31.] He states he was "most certain" that a jury would have found him not guilty for the alleged charges brought against him." [Doc. 13, ¶ 31.] Even if true, it is uncontested that Perez did not plead guilty in this case, and that he proceeded to trial where he testified before a jury. and was found guilty.

For the above stated reasons, the Court rejects and overrules Perez's objections. In addition, with respect to all other objections concerning claims raised in Perez's § 2255 petition, Perez sets forth argument already considered and rejected by the Magistrate Judge. Thus, the Court overrules all of Perez's objections for the reasons stated herein.

The Court agrees with the Magistrate Judge's amended findings and recommendation that Perez's § 2255 petition be denied and that this case be dismissed with prejudice.

IT IS HEREBY ORDERED that the amended findings and recommended disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that Fermin Perez-Benitez's § 2255 motion is denied and that the action be, and hereby is, dismissed with prejudice.

s/John Edwards Conway

SENIOR U.S. DISTRICT JUDGE